UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TRICIA LEPINO,                                                    Case No. 7:22-cv-04400

                    Plaintiff,

    -against-

ANTHEM BLUE CROSS LIFE and
HEALTH INSURANCE COMPANY,

                    Defendant.
-------------------------------------------------------------------x


PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO DISMISS


FISHMAN DECEA & FELDMAN
84 Business Park Drive, Suite 200
Armonk, New York 10504
(914) 285-1400
tdecea@dfdlawfirm.com

*Attorney for Plaintiff*

TABLE OF CONTENTS

Page

Table of Authorities ...................................................................................................(ii), (iii)

Preliminary Statement.........................................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT .......................................................................................................................3

POINT I ...............................................................................................................................3

STANDARD OF REVIEW ON MOTION TO DISMISS

POINT II ..............................................................................................................................3

IF THE COURT FINDS THAT CLAIM IS OUTSIDE THE PURVIEW
OF THE DISCLAIMER CLAUSE, OR THAT THE DISCLAIMER
CLAUSE IS AMBIGUOUS, THE POLICY MUST BE PAID IN FULL

POINT III.............................................................................................................................8

THE DETERMINATION OF AMBIGUITY IS A
QUESTION OF LAW TO BE DECIDED BY THIS COURT

POINT IV.............................................................................................................................9

DEFENDANT'S MOTION TO DISMISS MUST BE DENIED

CONCLUSION....................................................................................................................9

## TABLE OF AUTHORITIES

<u>Cases</u> <u>Page</u>

*Bronx Sav. Bank v. Weigandt*
   1 N.Y.2d 545, 154 N.Y.S.2d 878, 136 N.E.2d 848 ................................................................. 4

*Cragg v. Allstate Indem. Corp.*
   17 N.Y.3d 118, 122 (2011) ................................................................................................... 6

*Dean v. Tower Ins. Co. of N.Y.*
   19 N.Y.3d 704 (2012) ........................................................................................................... 8

*Drilling v. New York Life Ins. Co.*
   234 N.Y. 234, 137 N.E. 314 ................................................................................................. 4

*J.P. Morgan Securities Inc. v. Vigilant Insurance* Company
   37 N.Y.3d 552 (2021) ....................................................................................................... 5, 7

*Jin Ming Chen v. Insurance Co. of the State of Pa.*
   36 N.Y.3d 133, 139 N.Y.S.3d 579, 163 N.E.3d 447 [2020] ................................................ 5

*Kass v. Kass*
   91 N.Y.2d 554 (1998) ........................................................................................................... 8

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*
   507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) ................................................... 3, 9

*Mellon Bank, N.A. v. United Bank Corp. of New York* ............................................................. 8
   31 F.3d 113 (2d Cir, 1994)

*Miller v. Continental Insurance Company*
   40 N.Y.2d 675 (1976) .................................................................................................. 4, 5, 7

*Overton v. Todman & Co.*
   478 F.3d 479 (2d Cir.2007) ............................................................................................... 3, 9

*Pioneer Tower Owners Assn. v. State Farm Fire & Cas. Co.*
   12 N.Y.3d 302, 307, 880 N.Y.S.2d 885, 908 N.E.2d 875 [2009] ......................................... 6

*Roebuck v. State Farm Mut. Auto. Ins. Co.*
   80 A.D.3d 1126 (2011) ......................................................................................................... 6

*Roman Catholic Diocese of Brooklyn v. National Union Fire Ins. Co. of Pittsburgh, Pa.*
   21 N.Y.3d 139, 969 N.Y.S.2d 808, 991 N.E.2d 666 [2013] ................................................. 5

*Roth v. Jennings*
    489 F.3d 499 (2d Cir. 2007) ................................................................................................ 3, 9

*Rothenberg v. Lincoln Farm Camp, Inc.*
    755 F.2d 1017, 1019 (2d Cir.1985) ............................................................................................ 8

*Sayers v. Rochester Telephone Corp. Supplemental Management Pension PlanSayers*
    7 F.3d at 1095 ............................................................................................................................ 8

*Seaboard Sur. Co. v. Gillette Co.*
    *64 N.Y.2d 304, 311, 486 N.Y.S.2d 873, 476 N.E.2d 272 [1984]* ............................................. 6

*Sommer v. Guardian Life Ins. Co. of Amer.*
    281 N.Y. 508, 24 N.E.2d 308 .................................................................................................... 4

*U.S. Fid. & Guar. Co. v. Annunziata*
    67 N.Y.2d 229, (1986) ........................................................................................................... 8, 9

*Villanueva v. Preferred Mut. Ins. Co.*
    48 A.D.3d 1015 (2008) .............................................................................................................. 6

*Williams and Sons Erectors, Inc. v. South Carolina Steel Corp.*
    983 F.2d at 1184 ........................................................................................................................ 8

Other Authorities

13 Appleman, Insurance Law and Practice, s 7381, pp. 10—11 .................................................... 4

Preliminary Statement

Plaintiff, Tricia LePino ("Plaintiff"), is not only entitled to an order denying the motion to dismiss, but she is entitled to judgment in her favor as a matter of law. Whether on this motion, or *via* separate summary judgment motion, Plaintiff is entitled to a money judgment in the sum of $50,000.00, the face amount of the insurance policy, which is the subject of this action, together with pre-judgment interest thereon, legal costs and attorneys' fees incurred by Plaintiff.

The disclaimer clause at issue in this case states, which states, "No benefit will be paid by this coverage for a death or loss that results from, or that is caused directly, wholly or partly by: Being under the influence of any drugs or substance." (the "Disclaimer Clause"). There are no facts in dispute by and among the parties. Plaintiff's claims herein must be sustained if the Court finds that (i) the overdose death of the Insured falls outside the purview of the Disclaimer Clause, or (ii) the Disclaimer Clause ambiguous. Either way, the insurance claim must be paid.

The parties agree that the determination of whether the Disclaimer Clause is ambiguous is a legal one. Generally, if ambiguity is determined, the resolution of the ambiguity is a question of fact to be determined by the factfinder. However, in this case, if the Court determines the that the Disclaimer Clause is ambiguous, it must be construed against the insurer as a matter of law. Defendants' argument that the complaint does not state a claim is a futile attempt to fabricate a defense by employing an offensive strategy. It doesn't work. Not only does the complaint state viable claims, but Plaintiff is entitled to judgment because *if a drug overdose does not fall squarely outside the purview of the Disclaimer Clause,* then the Disclaimer Clause is, at best, ambiguous, and must be construed in favor of Plaintiff and against the insurance carrier defendant.

1

While defendant argues that the drug overdose of its insured (the "Insured") falls within the purview of the Disclaimer Clause, it simultaneously ignores the fact that nowhere within the Disclaimer Clause does the word "overdose" appear. If the Disclaimer Clause was intended to cover a drug "overdose," rather than a death which occurs while on drugs, it was required to say so under the case law established by the Court of Appeals. In this case the Disclaimer Clause may reasonably be interpreted as covering a death which occurred while under the influence of drugs, not by the drugs themselves.

## STATEMENT OF FACTS

There are no facts in dispute, and they are:

(i)  Plaintiff is the beneficiary of a valid life insurance policy in the name of John Capotorto III (the "Insured"), in the sum of $50,000, issued by defendant under Policy No.: 275316 (the "Policy," **Exhibit A** to Hicks Declaration dated July 26, 2022). (Verified Complaint, ¶ 6).

(ii)  The Insured died on August 29, 2021. (Verified Complaint, **Exhibit A**).

(iii)  Plaintiff made a timely claim under the Policy which was denominated by defendant as Claim No.: LC00184377 (the "Claim"). (Verified Complaint, ¶ 8).

(iv)  The Insured's cause of death was "Acute Intoxication Due to the Combined Effects of Heroin, Fentanyl, P-Fluorofentanyl and Xylazine." (Verified Complaint, **Exhibit A**).

(v)  By letter from defendant's agent, Neisheia Grant, dated February 22, 2022, defendant disclaimed coverage. (See, Decea Affirmation, **Exhibit A**).

(vi)  Coverage was disclaimed because, "No benefit will be paid by this coverage for a death or loss that results from, or that is caused directly, wholly or partly by: Being under the influence of any drugs or substance." (Verified Complaint, ¶ 9).

ARGUMENT

POINT I

STANDARD OF REVIEW ON MOTION TO DISMISS

For purposes of reviewing a motion to dismiss for failure to state a claim, the Court must accept factual allegations in a complaint as true and draw all reasonable inferences in favor of the non-movant. (See, *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007) ("For purposes of reviewing the dismissal of a complaint for failure to state a claim, we accept the complaint's factual allegations, and all reasonable inferences that can be drawn from those allegations in the plaintiff's favor, as true. See, e.g*., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Overton v. Todman & Co.,* 478 F.3d 479, 483 (2d Cir.2007)." Accordingly, all the allegations of the Verified Complaint (Document 1-1), must be deemed to be true and given every favorable inference. Nonetheless, in the present case there are no disputed facts.

POINT II

IF THE COURT FINDS THAT CLAIM IS OUTSIDE THE PURVIEW
OF THE DISCLAIMER CLAUSE, OR THAT THE DISCLAIMER
CLAUSE IS AMBIGUOUS, THE POLICY MUST BE PAID IN FULL

The Disclaimer Clause does not disclaim death due to a drug "overdose," which is obviously the clearest way to disclaim death by drug "overdose." If defendant wanted to exclude a death by drug "overdose" from coverage, it could have, and should have, said so. The Disclaimer Clause is otherwise ambiguous in at least two ways. *First*, the Disclaimer Clause contemplates death caused while "[U]nder the influence of any drugs or substance." A reasonable interpretation of the language is that it covers a death caused by an activity undertaken while on drugs. (i.e., driving, boating, skydiving, etc.) *Second*, the Disclaimer Clause

disclaims death as follows: "No benefit will be paid by this coverage for a death or loss that results from, or that is caused directly, wholly or partly by: *Being under the influence of any drugs or substance.*" (Emphasis supplied). If an "overdose" was intended to fall within the purview of the Disclaimer Clause, even without using "overdose" the wording could have been "No benefit will be paid by this coverage for a death or loss that results from, or is caused directly, wholly, or partly by "*drugs or substance*" instead of death caused while "*Being under the influence of any drugs or substance.*"

Defendant argues that a death *via* drug "overdose" is excluded from coverage under the Disclaimer Clause. However, "overdose," which is the cause of death in the present case, does not appear either in the Disclaimer Clause, or anywhere else in the Policy, and the Disclaimer Clause is otherwise ambiguous as aforesaid. The decision of the court in *Miller v. Continental Insurance Company*, 40 N.Y.2d 675 (1976), is applicable. Defendants' argument that "The policy in *Miller*, unlike the policy at issue here, did not contain an express exclusion for death due to an overdose of narcotics" (Defendants' Brief, p. 7), completely misses the point. The precedential value of *Miller* is the court's finding with respect to basic contract construction; that is, ambiguity in any contract must be interpreted in favor of the non-drafting party. The court in *Miller* held:

> If the defendant intended to exclude death caused by an *overdose of narcotics* from its coverage, or to have narcotics injection or addiction defined as a 'disease' or 'infirmity', **there was nothing to prevent it from inserting in its contract of insurance plain and unmistakable language that said so** (13 Appleman, Insurance Law and Practice, s 7381, pp. 10—11; cf. *Bronx Sav. Bank v. Weigandt*, 1 N.Y.2d 545, 551, 154 N.Y.S.2d 878, 882, 136 N.E.2d 848, 851, supra; *Sommer v. Guardian Life Ins. Co. of Amer.*, 281 N.Y. 508, 513, 24 N.E.2d 308, 311; *Drilling v. New York Life Ins. Co.*, 234 N.Y. 234, 137 N.E. 314). (Emphasis supplied).

Defendants attempt to distinguish *Miller* by arguing that "The policy in Miller, unlike the policy at issue here, did not contain an express exclusion for death due to an overdose of narcotics" (Defendants' Brief, p. 7), is irrelevant.

If the defendant in the present case wanted to exclude death caused by a drug "overdose" from its coverage, as the court in *Miller* held, "there was nothing to prevent it from inserting in its contract of insurance in plain and unmistakable language that said so." (Id. at 679). As discussed above, defendants could have specifically stated in the Disclaimer Clause a "*drug overdose*" or death caused by "*drugs or substances,*" but they did not. Instead, the Disclaimer Clause does not use the word "*overdose*" and only covers death while "*Being under the influence of any drugs or substance,*" and not a death caused by the drugs or substances themselves.

The fundamental principle of contract applied by the court in *Miller* is nothing new or novel. Ambiguity in any contract must be construed against the drafter. Without the use of the words "overdose," "death by drugs or substance," or similar language, versus death while "*Being under the influence of any drugs or substance,*" the Disclaimer Clause cannot be read unambiguously to cover death by a drug "overdose." As the court in *Miller* reasoned, "where the defendant was the drafter of the policy it sold . . . ambiguities in its language were to be resolved against it . . ." (Id. at 679).

The fundamental principle of contract law that any ambiguity in a contract must be construed against the drafter, **is especially true in insurance coverage cases** like the present case, where ambiguity equals coverage. As the court in *J.P. Morgan Securities Inc. v. Vigilant Insurance* Company, 37 N.Y.3d 552, 561-562 (2021), held:

> In determining a coverage dispute, we look to the specific language used in the relevant policies (see, *Jin Ming Chen v. Insurance Co. of the State of Pa.*, 36 N.Y.3d 133, 138, 139 N.Y.S.3d 579, 163 N.E.3d 447 [2020]; *Roman Catholic Diocese of Brooklyn v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 21

N.Y.3d 139, 148, 969 N.Y.S.2d 808, 991 N.E.2d 666 [2013]), **which "must be interpreted according to common speech and consistent with the reasonable expectation of the average insured" at the time of contracting, with any ambiguities construed against the insurer and in favor of the insured** [Citations omitted]. (Emphasis supplied).

\* \* \*

Under longstanding principles of insurance contract interpretation, these policies must be construed in a manner consistent with the expectations of a reasonable insured at the time of contracting, *with the 'penalty' exclusion given a 'strict and narrow construction.'*. (Id. at 569, quoting *Seaboard Sur. Co.*, 64 N.Y.2d 304, 311 (1984). (Emphasis supplied).[1]

It is undeniable that upon reading the Disclaimer Clause, a reasonable person may, if not certainly, interpret the disclaimer as excluding coverage for an accident while under the influence of drugs or alcohol not by the drugs or alcohol themselves. To disambiguate the Disclaimer Clause, defendants had to add a single word: "overdose." Plaintiff should not have to pay for the sloppy and inarticulate way it chose to draft the Policy. The burden is on defendants to prove there is no ambiguity in the language of the Policy. (See, *Villanueva v. Preferred Mut. Ins. Co.,* 48 A.D.3d 1015, 1016 (2008) ("[A]n insurer seeking to invoke a policy exclusion 'must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case.'")

Furthermore, the meaning of any part of such a policy must be determined upon consideration of the policy as a whole ( *Roebuck v. State Farm Mut. Auto. Ins. Co.,* 80 A.D.3d 1126, 1128 (2011). The Disclaimer Clause (Policy, p. 14, ¶ 9), also states:

---

[1] *Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118, 122 (2011) ("Exclusions or exceptions from policy coverage ... are not to be extended by interpretation or implication but are to be accorded a strict and narrow construction. Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation (*Pioneer Tower Owners Assn. v. State Farm Fire & Cas. Co.,* 12 N.Y.3d 302, 307, 880 N.Y.S.2d 885, 908 N.E.2d 875 [2009], quoting *Seaboard Sur. Co. v. Gillette Co.,* 64 N.Y.2d 304, 311, 486 N.Y.S.2d 873, 476 N.E.2d 272 [1984] ).").

6

> Being under the influence of any drug or substance. Conviction is not necessary for determination of being under the influence. This does not apply if you are using a drug or substance prescribed for you by a physician.

The reference to "Conviction is not necessary for determination of being under the influence" clearly contemplates the survival of the Insured after the accident which eventually results in his death; that circumstance cannot happen if the Disclaimer Clause was meant to cover a drug "overdose" which occurs immediately.

The inescapable result is that under *Miller,* and more recently, *J.P. Morgan Securities Inc.*, the Disclaimer Clause is at best ambiguous. The Disclaimer Clause does not state, let alone clearly and unambiguously, that a death by drug "overdose" is excluded, and "*there was nothing to prevent [defendants] from inserting in its contract of insurance plain and unmistakable language that said so.*" (*Mille*r at 679). The Disclaimer Clause is at best ambiguous and must be construed in Plaintiff's favor; the Policy must be paid.

Defendant's argument that *Miller* is inapplicable because in *Miller* there was "no drug exclusion disclaimer in the policy" completely misses the point. The significance of the holdings in *Miller* and *J.P. Morgan Securities Inc.,* is not what the disclaimer provisions say, but, like here, what they do not say.  "No benefit will be paid by this coverage for a death or loss that results from, or that is caused directly, wholly or partly by: **Being under the influence of any drug or substance**," cannot and does not exclude a death by drug "overdose" because it does not say that.

The Disclaimer clause is otherwise ambiguous. The death here was not the result of an accident which occurred while the Insured was under the influence of drugs, which appears to be the sole scenario to which the purportedly applicable exclusion may apply. For example, a death caused by "**Being under the influence of any drug or substance,**" would be an automobile,

7

skiing, or other accident-causing death while the decedent was "**under the influence of any drug or substance,**" not caused by the drugs themselves.

## POINT III

### THE DETERMINATION OF AMBIGUITY IS A QUESTION OF LAW TO BE DECIDED BY THIS COURT

"Unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court." *Dean v. Tower Ins. Co. of N.Y.*, 19 N.Y.3d 704 (2012). See, also, *Kass v. Kass,* 91 N.Y.2d 554, 566 (1998) ("Whether a contract is ambiguous presents a question of law for resolution by the court."). Under New York law, moreover, an "[I]nsurance policy must ... be construed in favor of the insured, and ambiguities, if any, are to be resolved in the insured's favor and against the insurer." *U.S. Fid. & Guar. Co. v. Annunziata,* 67 N.Y.2d 229, 232, (1986).

In determining whether a contract provision is ambiguous, the holding of the court in *Mellon Bank, N.A. v. United Bank Corp. of New York*, 31 F.3d 113 (2d Cir, 1994) is instructive. *Mellon Bank* involved the interpretation of a default provision in a loan document. In reviewing the two interpretations, the court stated that "we need not determine which is the more likely interpretation; we need merely decide whether [each] . . . is sufficiently reasonable to render the clause ambiguous." . . . . . . (*Id*. at 115). The Defendants' interpretation (like Plaintiff's in the present case), gives "literal effect" to all the words of the clause, *see Rothenberg v. Lincoln Farm Camp, Inc.,* 755 F.2d 1017, 1019 (2d Cir.1985) . . . . On the other hand, although Mellon's explanation strays somewhat from the plain meaning of the words used in the second clause of the section . . . Mellon's interpretation is equally reasonable. *See Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan,* 7 F.3d at 1095. . . . Given the two conflicting reasonable interpretations, we find the contract ambiguous. *See Sayers, supra*; *Williams and Sons*

8

*Erectors, Inc. v. South Carolina Steel Corp,* 983 F.2d at 1184. As a general matter, we have held that when a contract is ambiguous, its interpretation becomes a question of fact . . . (*Id*. at 115-116). However, there is an exception when the contract is one of adhesion; in the present case, if the Court finds the Disclaimer Clause to be ambiguous, the law in New York is that the ambiguity must be resolved in favor of the Insured who drafted the policy. (See, *U.S. Fid. & Guar. Co. v. Annunziata, supra*. 67 N.Y.2d 229, 232, (1986).

POINT IV

DEFENDANT'S MOTION TO DISMISS MUST BE DENIED

For purposes of reviewing a motion to dismiss for failure to state a claim, the Court must accept factual allegations in a complaint as true and draw all reasonable inferences in favor of the non-movant. (See, *Roth,* supra.) ("For purposes of reviewing the dismissal of a complaint for failure to state a claim, we accept the complaint's factual allegations, and all reasonable inferences that can be drawn from those allegations in the plaintiff's favor, as true. See*,* e.g., *Leatherman, supra* ; *Overton, supra*."

Plaintiff has demonstrated that to the extent this Court finds that death by drug "overdose" does not fall within the purview of the Disclaimer Clause, Plaintiff is entitled to summary judgment. To the extent this Court determines that reasonable people may differ as to the scope of the Disclaimer Clause, defendants are required to honor the Policy.

CONCLUSION

The only reason why Plaintiff sought to convert this motion to one for summary judgment (which was denied), was because there are no disputed facts in this case. On the one hand, if the "overdose" falls within the purview of the Disclaimer Clause, then the Claim will be held to be excluded. If, on the if the hand, the Court finds that the Claim does not fall within the

9

purview of the Disclaimer Clause, or the Disclaimer Clause is ambiguous, then the Court must rule in Plaintiff's favor as a matter of law.

Dated: Armonk, New York
       August 29, 2022

                                    FISHMAN DECEA & FELDMAN

                                    By: /s/ *Thomas B. Decea*
                                         THOMAS B. DECEA
                                    84 Business Park Drive, Suite 200
                                    Armonk, New York 10504
                                    (914) 285-1400
                                    tdecea@dfdlawfirm.com

                                    *Attorneys for Plaintiff*